IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DALE R. MICHAEL,

        Plaintiff,

v.                                                                                               Civil Action No. 5:04-CV-46

WES BANCO BANK, INC.,

        Defendant.

## MEMORANDUM OPINION and ORDER
## DENYING PLAINTIFF'S RULE 36 MOTION

### I. Introduction

A. <u>Background</u>. On June 8, 2006 came Plaintiff, Dale R. Michael, by Robert G. Coury, Esq., and Defendant, Wes Banco Bank, Inc., by Edward M. George, Esq., and Jeffrey W. McCamic, Esq., for a hearing on Plaintiff's Rule 36 Motion. Testimony was not taken and no other evidence was introduced.

    B.     <u>The Motions</u>.

    Plaintiff's Rule 36 Motion.[1]

    C.     <u>Decision</u>. Plaintiff's Rule 36 Motion is **DENIED.**

### II. Facts

On April 13, 2006, Plaintiff filed "Plaintiff's Rule 36 Motion" requesting that the Court determine the sufficiency of the answers and responses to Plaintiff's Requests for Admissions Nos. 1, 4, 5, 8, 9, 20, 21 and 22.

---

[1] Docket No. 132.

III.  Discussion

   A.  <u>Contentions of the Parties</u>.

   Plaintiff contends that Defendant's denials of Plaintiff's requests for admissions may be contrary to the evidence.

   Defendant counters that it complied with the requirements of Rule 36 of the Federal Rules of Civil Procedure.  Defendant further states that, although Defendant has provided an explanation for its denials, a party may properly respond to a request for admission with a denial.


   B.     <u>The Standards</u>.

   1. <u>Rule 36(a)–Requests for Admissions</u>.  "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)91) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request ... Each matter of which an admission is requested shall be separately set forth.  The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.  If objection is made, the reasons therefor shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party

shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

2. Rule 37(c)– Failure to Disclose; False or Misleading Disclosure; Refusal to Admit. "If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36 (a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might

3

prevail on the matter, or (D) there was other good reason for the failure to admit." Fed. R. Civ. P. 37(c)(2).

C. <u>Discussion</u>.

The Federal Rules of Civil Procedure permit the following responses to a request for admission: (1) an objection on the grounds that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26 (b)(1); (2) an admission; (3) a denial; (4) a detailed explanation why the matter can be neither admitted nor denied; or (5) a good faith qualified admission that admits certain matters, if possible, but denies or gives a qualified answer to the rest. Fed. R. Civ. P. 36(a). Rule 36 further provides that "[t]he party who requested the admissions may move to determine the sufficiency of the answers or objections." Fed. R. Civ. P. 36(a).

Defendant's response to Requests for Admissions Nos. 4, 5, 8, 9, 20, 21, 22 was a complete denial. Plaintiff argues that Defendant's denials are inconsistent with the evidence and requests that each requested admission be deemed admitted. The Court notes, however, that "[c]ourts have concluded that the ability to move to determine the sufficiency of answers and objections does not entitle one to request that a court determine the accuracy of a denial.... [A] party may not seek a pre-trial determination of the accuracy of an opponent's denial of a request for admission, merely because the evidence does not support that denial." <u>United States v. Operation Rescue National</u>, 111 F. Supp.2d 948, 968 (S. D. Ohio 1999). Furthermore, it has been held that a consideration of "sufficiency" should focus on the specificity of the response and not on whether the response is correct. See <u>Foretich v. Chung</u>, 151 F.R.D. 3 (D.D.C. 1993). In <u>Foretich v. Chung</u>, 151 F.R.D. 3 (D.D.C. 1993), a defendant in a defamation case demanded

that the plaintiff admit that he was a public figure. When the plaintiff denied that he was, the defendant requested that the court examine the truthfulness of the plaintiff's denial. The court, however, stated that "there is simply no provision of the Federal Rules allowing a party to litigate a denied request for an admission at this stage of the proceedings." Id. at 5.

The Court agrees with Defendant's position that "[p]arties may properly respond to a request for admission with a denial. No further repose is warranted." Scherer v. GE Capital Corp., 2000 WL 303145 *3 (2000 D. Kan.). The Federal Rules of Civil Procedure do not "require parties to explain a denial." Id. "The responding party is expected to admit unless they disagree with the request, then he or she must deny or object. That 'denial must be forthright, specific and unconditional.'" Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (2003) (citing Booth Oil Site Admin Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D.N.Y. 2000); Moore's Federal Practice, ¶ 36.15[5][a]).

Because the Court will not question the basis for Defendant's denials, the Court cannot conclude that Defendant's responses are inadequate. Defendant complied with the requirements of Rule 36 of the Federal Rules of Civil Procedure and, therefore, the Court will not compel any further response by Defendant.

With respect to Request for Admission No. 1, Plaintiff argues that Defendant inappropriately said "Deny" in response to Plaintiff's reference to W.Va. 31-1-37 because Defendant was "not sure what reference to W.Va. 31-1-37 is for under the merger statute...." Pl.'s Br. at 1. Plaintiff requests that this portion of his Request for Admission No. 1 be deemed admitted.

Plaintiff's Request for Admission No. 1 ends with a bare citation to W.Va. 31-1-37.

Defendant's response to that portion of Plaintiff's Request to Admit No. 1 was a complete denial, and such a response is sufficient. Fed. R. Civ. P. 36(a). "In order for this to be an orderly procedure, the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation...." Henry v. Champlain Enterprises, Inc., 212 F.R.D at 77 (citing Booth Oil Site Admin Group v. Safety-Kleen Corp., 194 F.R.D. at 79; Moore's Federal Practice, ¶ 36.10[6]). "That is, Requests for Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request." Id. (citing Diederich v. Dept. of the Army, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). In this case, Plaintiff provided no further explanation for his citation. Accordingly, Defendant properly denied that portion of Plaintiff's Request for Admission No. 1.

Finally, the Court notes that, if it is subsequently determined that Defendant failed to admit the genuineness of any documents or the truth of any matter as requested, and if Plaintiff proves these facts, the court can order Defendant to pay reasonable attorney fees incurred to prove such facts, pursuant to Rule 37(c)(2).

## IV. Decision

For the foregoing reasons, Plaintiff's Rule 36 Motion is **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear pro se and any counsel of record, as applicable.

DATED: June 15, 2006

>	/s/ James E. Seibert
>	JAMES E. SEIBERT
>	UNITED STATES MAGISTRATE JUDGE