THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

**DALE R. MICHAEL,**

    Plaintiff,

v.                                                 Civil Action No. 5:04CV46
                                                     (BROADWATER)

**WESBANCO BANK, INC.,**

    Defendant.

## MEMORANDUM OPINION AND
## FINAL ORDER ON DISPOSITIVE MOTIONS

On this day the above styled matter came before the Court for consideration of the parties dispositive motions. The Plaintiff's Motion with Memorandum for Partial Summary Judgment (Document No. 158) was filed on June 6, 2006. The Defendant's Motion for Summary Judgment (Document No. 166) was filed on June 16, 2006.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial-- whether, in other words, there are any genuine factual issues that properly can be resolved only

by a finder of fact because they may reasonably be resolved in favor of either party." Anderson at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson at 249 (citations omitted).

## Undisputed Facts

On February 15, 2001 and February 27, 2001, the Defendant issued the Plaintiff two loans in the amount of $150,000.00 and $50,000.00, respectively. The loan proceeds were turned over to the Defendant bank and applied towards the debts of the Plaintiff's associate, businessman Ralph Tolbert, as follows:

- On February 15, 2001, Wesbanco paid $41,657.50 to Citizens Savings Bank in Martins Ferry, Ohio, for monies owed on six automobile titles;
- On February 16, 2001, Wesbanco paid $53,450.00 to Thrifty Car Rental Systems, Inc., to pay off a portion of debts owed by Tolbert's business to Thrifty;
- On February 27, 2001, Wesbanco paid $24,570.00, to Bombardier Capital, Inc;
- On February 28, 2001, Wesbanco paid Thrifty $74,500.00 for eight car titles. (Total payout of 194,177.50.)

- $5,822.50 was disbursed to Plaintiff Dale Michael.

On January 16, 2002, the Plaintiff paid the balance on both the $150,000.00 and $50,000.00 loan, with interest at 8.50%, through his attorney, Carl Frankovitch.

Reserve Account No. 1812543001, was created as a feature of a May 25, 1999 contract between Ralph Tolbert Auto Brokers Inc., and the Defendant bank.

On February 20, 2001, Ralph Tolbert executed a document assigning his interest in the reserve account to Plaintiff Dale Michael.

On February 28, 2001, Tolbert executed an addendum to the May 25, 1999 contract and signed an account card containing provisions prohibiting assignment of the reserve account on March 6, 2001.

## Discussion and Law

Before the Court are Plaintiff's claims for breach of trust and breach of fiduciary and a corresponding Motion for Partial Summary Judgment on Liability. The Defendant filed a Motion for Summary Judgment, seeking a favorable judgment on all counts for various reasons.

The Court's decision on these issues turns upon the relationship between Plaintiff Dale Michael and Defendant Wesbanco's predecessor a the time of the transactions in dispute. Dale Michael borrowed money from Wheeling National Bank and turned it over to the bank for disbursal. Michael argues that he transferred the loan proceeds to the bank, with instructions to pay Ralph Tolbert's debts, establishing an express trust (Document No. 158, pg. 9).

The Court finds that the relationship between the parties in this action did not create an express trust. Generally, the relationship between a creditor and its debtor does not give rise to an express trust. Knapp v. American General Finance Inc., 111 F. Supp. 2d 758, 766

(S.D.W.Va. 2000) (*citing* Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F. 2d 47, 53 (3d Cir. 1988)). Specifically, viewing the facts of this case in a light most favorable to the Plaintiff, Michael's instructions to the bank for the distribution of his commercial loan proceeds do not establish a fiduciary relationship. *See* Keller v. Washington, 83 W. Va. 659, 666 (W. Va. 1919).

In Knapp the plaintiffs sued their lender bank after a foreclosure, claiming a fiduciary relationship was established between the bank and the plaintiffs because life and property insurance policies were included in their loan transaction. The district court granted the motion for summary judgment on counts claiming breach of fiduciary duty, holding that, as lenders, the defendants, "did not hold themselves out to be caregivers for their customers. Knapp at 766. The court went on to emphasize that lenders are not responsible for a borrower's interest, writing, "the classic warning, *caveat emptor*, reminds the buyer the seller is not necessarily his friend, much less his guardian or trustee." Id.

Knapp cites various cases and sets out the basic elements of an express trust and the associated fiduciary duties. Id. Among the elements essential to establishing a fiduciary relationship are that the fiduciary subordinates its interests to someone else's benefit, trust is placed in the skill or integrity of the trustee, and that one party's confidence is demonstratedly accepted by the other party. Id.

In this case the Plaintiff, Dale Michael, entered into a commercial loan agreement with the Defendant. The pleadings allege that the Michael turned the funds over to the bank with a narrow charge, directing the bank to disburse Michael's loan proceeds to pay Tolbert's debts to Thrifty Car Rental Systems, Inc.

Michael's version of the facts does not establish the elements of a fiduciary relationship. Michael's alleged disbursal instructions to the bank do not require a subordination of the bank's interests to Michael's or show that Michael intended to rely on the skill or judgment of the bank as trustee of the funds. Furthermore, the Plaintiff does not allege information that would demonstrate the bank's acceptance of Michael's confidence in any manner that would depart from the normal relationship between lender and borrower.

Under the standard relationship between lender and borrower, Michael's instructions on disbursal of his loan proceeds would, at most, create an agency level relationship between the bank and the Plaintiff. *See* Keller v. Washington, 83 W. Va. 659, 666 (W. Va. 1919). Acceptance of such a narrow and specific charge would not give the Defendant bank the level of control given to a trustee, nor would it represent the bank's consent to and accept of a trust relationship. Id at 666; Knapp, 111 F.Supp.2d at 766.

## Decision

Upon consideration of the parties claims, the Court affirms its preliminary rulings in Document No. 210, as follows:

1) The Plaintiff's Motion for Partial Summary Judgment (Document no 158) with respect to liability is DENIED;

2) Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

   a. The Motion is DENIED with respect to the Count One claims for breach of contract due to factual questions with respect to the nature of Ralph Tolbert's Reserve Account and that account's assignability.

b.  The Motion is GRANTED with respect to the Count Two claims of willful and wanton conduct. Such claims are more properly denominated within a claim for punitive damages.

c.  The Motion is GRANTED with respect to the Count Three. Demands for an accounting of funds are MOOTED by Defendant's discovery disclosures.

d.  The Motion is DENIED with respect to Count Four's claims of fraud related to the application of loan proceeds, as material questions of fact remain in controversy; the Motion is GRANTED with respect to claims of fraud regarding assignment of the Reserve Account as this is more properly a breach of contract issue.

e.  The Motion is GRANTED with respect to claims for breach of fiduciary duty or claims of express trust, as the Defendant did not undertake fiduciary obligations.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to all counsel of record herein.

**DATED** this 1st day of September 2006.

/s/ W. Craig Broadwater
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE